IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF MONTANA, <br><br> Petitioners, <br><br> v. <br><br> STEPHEN CLARK BULLOCK, GOVERNOR OF THE STATE OF MONTANA, <br><br> Defendant. | CV 20–52–M–DLC–KLD <br><br><br> **FINDINGS AND RECOMMENDATION** |

This matter is before the Court on Defendant Governor Stephen Clark Bullock's ("Bullock") Motion to Dismiss (Doc. 10). For the reasons stated below, the Court recommends the motion be granted.

I.   **Background**

On April 28, 2020, Nicholas Ramlow, who is appearing pro se in this action, filed a Petition for Redress of Grievance on behalf of Petitioners "The People of the State of Montana" ("Petitioners"), appearing to allege various constitutional violations against Bullock. (Doc. 1). The Petition takes aim at Bullock's response to the spread of the novel respiratory illness, COVID-19. (Doc. 1.) Specifically, Petitioners challenge Bullock's implementing Directives seeking to limit the

spread of COVID-19. (Doc. 1.)

Upon receiving service of the Petition, Bullock filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Bullock contends that the Petition, styled as a complaint, fails to establish this Court's jurisdiction, fails to establish constitutional standing, and fails to comply with the pleading standards set forth in Fed. R. Civ. P. 8.

## II.   Legal Standards

### A. Rule 12(b)(1)

Bullock moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the action. As the party asserting jurisdiction, the plaintiff bears the burden of proving its existence. *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008.) The court will presume jurisdiction is lacking until the plaintiff proves otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

In considering a 12(b)(1) motion challenging the facts supporting subject-matter jurisdiction, a court may consider extra-pleading materials submitted by the parties. *Assoc. of American Medical Colleges v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1)

the district court is not restricted to the face of the pleadings, but may review any

evidence, such as affidavits and testimony, to resolve factual disputes concerning

the existence of jurisdiction."). The court may weigh the evidence without

converting the motion into one for summary judgment. *White v. Lee*, 227 F.3d

1214, 1242 (9th Cir. 2000). A federal court is one of limited jurisdiction; it must

dismiss a case upon concluding it lacks jurisdiction. *High Country Resources v.

F.E.R.C.*, 255 F.3d 741, 747 (9th Cir. 2001).

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a

complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under

Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal

theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.

Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss

if it alleges facts that allow "the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the

complaint "lacks a cognizable legal theory or sufficient facts to support a

cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo*, 521 F.3d at 1104.

In determining whether this standard is satisfied, the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008). Assessing a claim's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

### C. Pro se Pleadings

Because Petitioners are proceeding pro se the Court must construe their pleading liberally, and "however inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986). This means that "[p]ro se

litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 576 (9th Cir. 1987).  Nevertheless, in the motion to dismiss context, courts are to construe pro se documents liberally and give pro se litigants the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

In view of the required liberal construction, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III.    Discussion

### A. Lack of Subject Matter Jurisdiction

The Petition does not comply with Federal Rule of Civil Procedure 8(a) requiring "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a). Nowhere in the Petition do Petitioners provide a statement regarding the basis for subject matter jurisdiction. (Doc. 1). Such a failure typically results in dismissal unless amendment would cure the insufficiency. *Braun v. U.S. Gov't.*, 2013 WL 6577067, *2 (D. Mont. Dec. 13, 2013). Because the Petition suffers from additional jurisdictional shortcomings, the Court finds amendment would not cure the insufficiency.

Petitioners' pleading recites various provisions from the U.S. Constitution, the Montana Constitution, and Bullock's Directives in response to the COVID-19 pandemic. (Doc. 1). Construing the complaint liberally, it appears Petitioners are attempting to invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).[1] Federal question jurisdiction is properly invoked where a party "pleads a colorable claim 'arising under' the Federal Constitution or laws of the United States." *Arbaugh v. Y&H corp.*, 546 U.S. 500, 513 (2006). A colorable claim is one that is not "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous."). *Arbaugh*, 546 U.S. at 513, n.2; *see also Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985) ("Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider.").

It appears Mr. Ramlow purports to bring this action pro se on behalf of all Montanans. This is improper. An individual cannot represent a class pro se. *See Russell v. United* States, 308 F.2d 78, 79 (9th Cir. 1962) (stating that "[a] litigant appearing in propria persona has no authority to represent anyone other than

---

[1] In a case invoking federal question jurisdiction, a valid federal claim must be pled before a federal court can exercise supplemental jurisdiction. "[I]t makes no sense to speak of pendent (supplemental) jurisdiction until after a court has independently acquired jurisdiction over a federal cause of action." *Hunter v. United Van Lines*, 746 F.2d 635, 649 (9th Cir. 1984).

himself.").The right to proceed pro se in federal court applies only to a party acting in his or her own right. Accordingly, Mr. Ramlow cannot bring this action on behalf of "The People of the State of Montana", and the Petition should be dismissed for lack of subject matter jurisdiction.

Additionally, the Petition does not include allegations identifying how Bullock's Directives resulted in harm, or what specific individual or group was injured by Bullock. These failures result in Petitioners' inability to establish Article III standing. Standing is a critical component of Article III's limitation on federal judicial power to "cases" and "controversies." U.S. Const., Art. III, § 2. *See also*, *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1146 (2013) ("One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue"). The "irreducible constitutional minimum" of standing requires proof "(1) that the plaintiff suffered an injury in fact that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical;' (2) of a causal connection between the injury and the complained-of conduct; and (3) that a favorable decision will likely redress the alleged injury." *Alaska Right to Life Political Action Committee v. Feldman*, 504 F.3d 840, 848 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

As the party invoking jurisdiction, Petitioners have the burden of establishing the Article III standing requirements are met. *Lujan,* 504 U.S. at 562.

When a plaintiff is attempting to establish the government's action resulted in the unlawful regulation of another, standing "is ordinarily substantially more difficult to establish." *Lujan*, 504 U.S. at 562 (internal quotations omitted). This is particularly true when a litigant raises only a "generally available grievance" about the government's application of the Constitution or laws. *Hollingsworth v. Perry¸*133 S.Ct. 2652, 2661-62 (2013).

Here, Petitioners have failed to allege any facts establishing how Bullock's Directives resulted in particularized harm. The generalization that all Montanans were harmed by the Governor's Directives is insufficient to establish an injury in fact or a causal connection, and instead requires the Court to engage in "pure speculation". *Lujan*, 504 U.S. at 567. *See also*, *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992) (general allegations of a constitutional violation do not raise a colorable constitutional claim for subject matter jurisdiction; plaintiff must allege facts showing grounds on which the claim is based); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474-75 (1982) (injury complained of must be individualized; courts will not adjudicate "abstract questions of wide public significance" amounting only to "generalized grievances."). Because the Petition is no more than a general grievance of Bullock's Directives and requests relief that would benefit the public at large rather than an identifiable litigant, Petitioners have not suffered an "injury

in fact" sufficient to establish Article III standing. *Hollingsworth*¸133 S.Ct. at 2662-63 (litigants challenging generally applicable law had no direct stake in the outcome of the action and therefore did not have Article III standing).

The Petition also fails to establish the redressability element of standing. The only forms of redress identified by Petitioners are resignation, impeachment, and imprisonment pursuant to 18 U.S.C. § 242. (Doc. 1 at 10.) Impeachment, however, is legislative mechanism for removing the Governor from office. The Montana Constitution vests the legislature with full authority to determine whether the Governor should be impeached. Thus, this Court has no power to impeach the Governor or otherwise remove him from office. *See* Mont. Const. Art. V. § 13(2).

Additionally, 18 U.S.C. § 242 is a criminal statute that does not "provide for a private right of action" and therefore does not create a "substantial federal question over which this Court can exercise jurisdiction." *Lovaas v. Johnson*, 2009 WL 331333, *5 (D. Mont. Feb. 4, 2009). For these reasons this Court cannot provide Petitioners with redress. Additionally, because Petitioners seek remedies barred by established law, the Court finds the complaint to be frivolous and thus insubstantial for federal jurisdiction purposes. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (federal claim is insubstantial where prior decisions render it no longer open to discussion).

For the reasons set forth above, the Petition should be dismissed for lack of

jurisdiction.

### B. Failure to State a Claim

Bullock also moves to dismiss the Petition on the ground that it does not state a claim for relief. Where a defendant moves to dismiss for lack of subject matter jurisdiction and failure to state a claim, it is proper for the Court "to consider the jurisdictional challenge before addressing the motion to dismiss for failure to state a claim." *Braun v. U.S. Government*¸ 2013 WL 6577067, *2 (D. Mont. Dec. 13, 2013).  Here, because the Court has determined it is without jurisdiction over this matter, it would be improper to evaluate the legal sufficiency of the allegations in the Petition under Rule 12(b)(6).

### C. Dismissal with Prejudice

A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).  Although leave to amend is liberally granted, dismissal with prejudice is appropriate where amendment would be futile. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). Because this Court lacks subject matter jurisdiction over Petitioners' claims, amendment would be futile. The Court therefore concludes that the jurisdictional deficiencies set forth above cannot be cured by amendment. Accordingly, Petitioners' Complaint should be dismissed with prejudice.

IV.    **Conclusion**

For the reasons explained above, the Court concludes that the Petition fails to establish subject matter jurisdiction. Accordingly,

**IT IS RECOMMENDED** that Bullock's Motion to Dismiss (Doc. 10) be **GRANTED**, and this case be **DISMISSED WITH PREJUDICE**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 3rd day of September, 2020.

Kathleen L. DeSoto
United States Magistrate Judge