IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF MONTANA,<br><br>Petitioners,<br><br>vs.<br><br>STEPHEN CLARK BULLOCK, GOVERNOR OF THE STATE OF MONTANA,<br><br>Defendant. | CV 20 –52–M–DLC–KLD<br><br><br>ORDER |

On September 3, 2020, United States Magistrate Judge Kathleen L. DeSoto entered her Findings and Recommendation recommending that the People of the State of Montana's ("Petitioners") Petition for Redress of Grievances (Doc. 1) be dismissed with prejudice for want of subject matter jurisdiction. (Doc. 23.) Petitioners have timely objected to these findings. (Doc. 24.) As such, the Court will review de novo. 28 U.S.C. § 636(b)(1)(C).

## BACKGROUND

On April 28, 2020, Petitioners filed a Petition for Redress of Grievances (Doc. 1) alleging that certain directives issued by Governor Bullock in response to the COVID-19 pandemic offend a multitude of provisions of the Montana and United States Constitutions. Governor Bullock responded by moving to dismiss

1

the petition (Doc. 1) under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure. (Doc. 10.) Judge DeSoto concluded that dismissal was proper under

Rule 12(b)(1) and that, because amendment would be futile, the Petition (Doc. 1)

should be dismissed with prejudice. (Doc. 23.) Because of this determination,

Judge DeSoto did not analyze the sufficiency of the Petition (Doc. 1) under Rule

12(b)(6).

## STANDARD

"It is a fundamental precept that federal courts are courts of limited

jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

This notion is derived from the United States Constitution itself, which limits the

Court's subject matter jurisdiction to justiciable "cases" or "controversies." U.S.

Const., Art. III, § 2. As such, it is incumbent upon this Court to ascertain whether

subject matter jurisdiction exists before analyzing the merits of a litigant's claims.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Indeed, this Court is to

presume it is without jurisdiction to hear a case until a contrary showing is made.

*Stock West, Inc. v. Confederates Tribes of the Colville Reservation*, 873 F.2d 1221,

1225 (9th Cir. 1989).

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a motion to

dismiss for lack of subject matter jurisdiction. Subject matter jurisdiction is "the

courts' statutory or constitutional power to adjudicate the case." *Steel Co. v.*

*Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). This includes underlying concepts such as standing. *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011). As the non-moving party, the burden rests on Petitioners to establish that this Court is authorized to adjudicate their dispute, *i.e.* possesses subject matter jurisdiction. *Kingman Reef Atoll Invs., L.L.C. v. United States¸* 541 F.3d 1189, 1197 (9th Cir. 2008). If subject matter jurisdiction does not exist, this Court is constitutionally obligated to dismiss the case. *Arbaugh*, 546 U.S. at 514.

In adjudicating Governor Bullock's motion to dismiss (Doc. 10), this Court, like Judge DeSoto, is mindful of Petitioners' status as *pro se* litigants. (Doc. 23 at 4–5.) As such, this Court will liberally construe the Petition and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This does not mean, however, that this Court will "intervene to save [Petitioners] from their choice of counsel" and they should not expect more favorable treatment than that afforded to licensed attorneys. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

## DISCUSSION

### I. Subject Matter Jurisdiction.

Judge DeSoto concluded that this Court lacks subject matter jurisdiction. (Doc. 23 at 11.) Specifically, Judge DeSoto found that: (1) the Petition fails to comply with Federal Rule of Civil Procedure 8(a)(1); (2) Petitioners impermissibly

seek to represent a class *pro se*; and (3) Petitioners lack standing to prosecute this action. (*Id.* at 5–9.) Petitioners object to these findings. (Doc. 24.) Thus, as noted above, the Court will undertake a de novo review.

Federal Rule of Civil Procedure 8(a)(1) requires the Petition to contain "a short and plain statement of the grounds for the court's jurisdiction." As Judge DeSoto correctly notes, the failure to abide by this requirement "normally will result in dismissal of the complaint on the defendant's motion under Rule 12(b)(1)" unless amendment is appropriate. *Braun v. U.S. Gov't*, 2013 WL 6577067, 2 (D. Mont. 2013) (CV 13–36–BU–DWM–JCL). The Petition fails to contain a jurisdictional statement. (Doc. 1.)

Additionally, it is well established that litigants proceeding *pro se* have no authority to prosecute lawsuits on behalf of anybody other than themselves. *Russell v. United States*, 308 F.2d 78, 79, (9th Cir. 1962); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987). As such, Petitioners' attempt to represent the "People of Montana" *pro se* is impermissible. As noted below, the Court finds that even if the two foregoing issues are rectified, amendment will not cure the Petition's most critical jurisdictional defect—lack of standing.

"The Constitution's case-or-controversy limitation on federal judicial authority" requires that Petitioners have standing the prosecute this action before

4

this Court can adjudicate it on the merits. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). In order to establish standing, Petitioners must show "(1) [they have] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.*

The Supreme Court has been clear, however, that asserting "generalized grievances about the conduct of government" is insufficient to confer Article III standing. *United State v. Richardson*, 418 U.S. 166, 173 (1974). As such, "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573 (1992). This is precisely the case here.

The Petition, entitled "Petition for Redress of Grievance," contains nothing more than formulaic recitations of various constitutional provisions Governor Bullock has allegedly violated in responding to the COVID-19 pandemic. (*See generally* Doc. 1.) In attempting to particularize the action, Petitioners point to a

5

"Criminal Complaint" filed by Teresa DeLaughder, Sovereign Citizen, which describes the experiences of several individuals across Montana. (*See generally* Doc. 17.) But as with the Petition itself, nothing in this document amounts to more than generalized grievances that could be theoretically asserted by any Montanan, and indeed, are purportedly advanced on behalf of all Montanans. In short, the Petition and supporting materials amount to nothing more than generalized grievances about Governor Bullock's response to the COVID-19 pandemic. This renders the Court constitutionally prohibited from hearing the case.

Even if this were not the case, the Court finds that Petitioners have failed to establish the third element of standing—that the injuries of which they complain can be redressed by a favorable decision. The focus in a redressability analysis is whether "the requested relief will redress the alleged injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). While difficult to parse, the Court agrees with Judge DeSoto that Petitioners' request Governor Bullock's resignation, impeachment, or imprisonment under 18 U.S.C. § 242. (Docs. 1 at 10–11; 23 at 9.)

First, it is only speculative that a favorable decision would result in Governor Bullock's resignation. That decision rests with Governor Bullock, not an Article III Court. Second, it is similarly speculative that a favorable decision would result in impeachment. That decision rests with the Montana Legislature,

not an Article III Court.  Mont. Const. art. V, § 13(2) (stating "[t]he Legislature shall provide for the manner, procedure, and causes for impeachment . . . .").  The Petition itself recognizes as much.  (Doc. 1 at 10.)

Finally, this Court obviously cannot order imprisonment pursuant to 18 U.S.C. § 242.  Not only does this criminal statute not provide a civil cause of action, but, more critically, under our constitutional scheme imprisonment under it can only result after the constitutional processes attendant to criminal adjudication have been afforded.  *See, e.g.,* U.S. Const. amends IV–VI.  In short, in complaining of various constitutional violations by Governor Bullock, Petitioners request that this Court engage in unconstitutional behavior itself by adjudicating a dispute outside of its subject matter jurisdiction, circumvent the Montana Constitution's impeachment process, and order imprisonment without any of the process due under the United State Constitution to a person properly accused of criminal activity.[1]  This the Court cannot do.  The Petition will be dismissed for lack of subject matter jurisdiction.

## II.    Futility of Amendment.

Judge DeSoto concluded that amendment of the Petition would be futile.

---

[1] This observation is, of course, irrespective of the reality that Petitioners lack standing to assert criminal charges against Governor Bullock.  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Baldwin v. Doe*, 2016 WL 8231140 (D. Or. 2016) (dismissing a private citizen's "First Criminal Complaint on Information" for lack of standing).

(Doc. 23 at 10.) Petitioners object and request "an opportunity to cure any deficiencies in the Petition." (Doc. 24 at 4.) With respect to plaintiffs proceeding *pro se*, dismissal without leave to amend "is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). While the Court finds that Petitioners could possibly cure the defects noted above by including a Rule 8(a)(1) statement and abandoning their *pro se* status, it is not convinced that they can amend away the absence of subject matter jurisdiction.

Indeed, Petitioners have framed this action as an assertion of various constitutional grievances against Governor Bullock for his response to the COVID-19 pandemic. (Doc. 1.) Accordingly, the very premise of their claims—that the People of Montana as a whole seek redress for the Governor's alleged constitutional violations—is insufficient to confer Article III standing. As such, amendment of the Petition would be futile and fail to alter this Court's conclusion that it lacks subject matter jurisdiction over the action.

In the end, de novo review compels the same conclusion reached by Judge DeSoto. Having reviewed Petitioners' objections (Doc. 24) the Court adopts Judge Desoto's Findings and Recommendation in full.

Accordingly, IT IS ORDERED that Judge Desoto's Findings and Recommendation (Doc. 23) is ADOPTED in full.

IT IS FURTHER ORDERED that Governor Bullock's motion to dismiss (Doc. 10) is GRANTED.

IT IS FURTHER ORDERED that the Petition (Doc. 1) is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to close the case file.

DATED this 23rd day of September, 2020.

_____
Dana L. Christensen, District Judge
United States District Court